IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JPW INDUSTRIES, INC., | ) | |
| Plaintiff, | ) | NO. 3:20-cv-00086 |
| v. | ) | JUDGE RICHARDSON |
| WOODWORKERS SUPPLY, INC., | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff filed this action on January 31, 2020. (Doc. No. 1). A year and a half has passed, and Plaintiff has failed to properly serve Defendant (referred to below in certain quoted excerpts by its legal name, Woodworkers Supply, Inc.) under Fed. R. Civ. P. 4.

Plaintiff has attempted to serve Defendant three times. Plaintiff first attempted to serve a summons[1] issued February 3, 2020 and addressed to "Woodworkers Supply, Inc.[,] Attn: John C. Wirth, President or other officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process[,] 1108 N. Gleen [sic] Road Casper, Wyoming 82601."[2] (Doc. No. 5 at 1). The summons was sent by certified mail to the Glenn Road address. (Doc. No. 9 at 2). On February 6, 2020, the return receipt for the certified mail was signed for by "G. Hunt," who checked the "agent" box on the return receipt. (*Id.* at 2-3). On May 1, 2020,

---

[1] Herein, references to serving a summons, or to serving process, generally is shorthand for serving both such summons and a copy of the complaint. Likewise, references to receiving (or accepting) a summons, or to receiving (or accepting) process, generally is shorthand for receiving (or accepting) both such summons and a copy of the complaint.

[2] Open-source information, and at least one part of the record, (Doc. No. 36 at 2), make clear that the address should have read "Glenn Road," not "Gleen Road."

1

Plaintiff moved for entry of default against Defendant for its "failure to plead or otherwise defend the . . . action." (Doc. No. 14 at 1). The Clerk denied this motion, finding that service was inadequate under both Tennessee and Wyoming law. (Doc. No. 16).

After the Clerk's denial, Plaintiff attempted (in two different ways) to serve an alias summons issued on June 30, 2020 and addressed to "Woodworkers Supply, Inc. Attn: Phillip A. Nicholas, registered Agent or other officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process[,] 170 N. 5th[,] Laramie, Wyoming 82070." (Doc. No. 18 at 1). First, on July 6, 2020, Plaintiff's process server delivered the alias summons (in person, apparently) to a person he describes as "Elaine Lund, Secretary for Phillip Nicholas as Registered Agent for Woodworkers Supply, Inc." at this (North 5th Street) address. (Doc. No. 19 at 2).[3] Second, at some point on or after July 1, 2020, the alias summons was sent by certified mail restricted delivery to the North 5th Street address. (Doc. No. 20 at 2-4). On July 6, 2020, the return receipt for the certified mail was signed by Elaine Lund,[4] who did not check a box for either "agent" or "addressee." (*Id.* at 2-5).[5]

---

[3] The Court does not know for certain the basis for (or accuracy of) the process server's claim that Elaine Lund is Mr. Nicholas's secretary. But the Court herein will assume that such claim is accurate.

[4] The signature is not particularly legible, but (as indicated in a footnote below) the Court will assume, as has Plaintiff, that it is the signature of Elaine Lund, whom Plaintiff's process server had identified as both the person receiving the summons in person on July 6 and as the "Secretary" for Defendant's registered agent.

[5] The process server's return of service refers to Elaine Lund (and only Elaine Lund) as the in-person recipient of the summons of July 6, Doc. No. 19 at 2, but the Clerk's denial refers to this in-person recipient both as Elaine Lund and as Elaine Hurd. (Doc. No. 23 at 3-4). The Court does not know why the Clerk referred to Elaine Hurd, although it could be because the signature on the return receipt from the attempted service via certified mail could be read as "Elaine Hurd"; the first name on balance does appear to be "Elaine," but the surname could be "Lund," or "Hurd" or something else. (Doc. No. 20 at 5). In any event, the Court presumes (neither to the benefit nor to

On July 28, 2020, Plaintiff again moved for entry of default based on Defendant's "failure to plead or otherwise defend the . . . action." (Doc. No. 21 at 1). The Clerk denied this motion for failure to properly serve Defendant under Tennessee or Wyoming law. (Doc. No. 23).[6]

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m)'s advisory committee note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the

---

the disadvantage of Plaintiff) that both persons are the same person, whom the Court will call "Elaine Lund."

[6] On September 9, 2020 Plaintiff moved for reconsideration of the Clerk's denial because (supposedly) "Ms. Lund is either expressly or impliedly permitted to accept service on behalf of Mr. Nicholas." (Doc. No. 25 at ¶ 13). The Clerk denied the motion, Doc. No. 28, finding "no clear error of law" in its denial of Plaintiff's motion. Doc. No. 28 at 7.

Plaintiff also has a pending motion for summary judgment, Doc. No. 29, but that motion is mooted based on the instant order dismissing this action.

plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); see also *Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

On February 17, 2021, the magistrate judge ordered Plaintiff to show cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and why the service period should be extended to allow Plaintiff to properly serve Defendant a year after the Complaint was filed. (Doc. No. 35). Plaintiff's Response (Doc. No. 36) asserted that proper service had in fact been made[7] but otherwise did not attempt to show cause; in other words, Plaintiff put all of its eggs in the "service has been properly done" basket, and no eggs in the "failure to effect proper service should be excused for cause" basket. The undersigned finds, as did the magistrate judge, that Plaintiff has failed to establish proper service.

As of today, over four months after Plaintiff was ordered to show cause, it has yet to properly serve Defendant.[8] Plaintiff's assertions to the contrary are unpersuasive. Plaintiff first argues that it served Defendant (a corporation) with a copy of the alias summons by certified mail in compliance with federal law, because in signing the return receipt, "G. Hunt" checked the box "Agent" on the receipt. The Clerk properly rejected this argument when it was made previously, reasoning that Plaintiff has not established that "G. Hunt" was an agent authorized to receive

---

[7] The magistrate judge clearly rejected this assertion, (Doc. No. 35 at 1), though she did not say why she did so, beyond referring to the Clerk's prior rejection of Plaintiff's assertion of proper service in denying Plaintiff's two motions for entry of default (Doc. Nos. 16, 23) and indicating that Plaintiff still had not given "any indication" that it had served Defendant. (Doc. No. 35 at 1).

[8] Plaintiff makes much of the proposition that "a process server's return will provide a prima facie case of sufficient service, and the burden [then] shifts to the defendant." (Doc. No. 36 at 3). This proposition is fine as far as it goes, but is obviously inapplicable where the service involved (as established by the process server's affidavit) is itself insufficient to begin with; in that case, no burden shifts to the defendant. That is the case here; whatever was done, as established by the process server's declaration, was not proper service on a corporation and thus insufficient to shift the burden to Defendant.

service under Tenn. R. Civ. P. 4.04(4). Now, Plaintiff argues that *implicit* authority to act as such an agent will suffice, and that is has circumstantially established that "G. Hunt" had such implicit authority. But Plaintiff has not circumstantially established this in any manner, including via "G. Hunt's" conduct or course of dealing with Defendant. Plaintiff relies on cases (not decided under Tennessee or Wyoming law), which (as Plaintiff suggests and the Court accepts) stand for the proposition that an employee's signature on a return receipt raises a rebuttable presumption that the employee was authorized to accept service. *See Discover Property and Cas. Ins. Co. v. Collins*, 299 P.3d 510, 513 (Okla. Civ. App. 2013) (concluding, in a wage garnishment summons context, that "[a] return receipt signed at [a] registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail."); *Fender v. Deaton*, 503 S.E.2d 707, 710 (N.C. Ct. App. 1998) (referencing a North Carolina statute which provides that an "affidavit together with the return receipt signed by the person who received the mail if not the addressee raise a presumption that the person who received the mail and signed the receipt was an agent of the addressee."); *MCI Telecomm. Corp. v. Tarrant Cty. Appraisal Dist.*, 723 S.W.2d 350, 356 (Tex, Ct. App. 1987) (concluding that evidence of "some individual['s]" signature is sufficient to resume the presumption of delivery under Texas's tax code."). However, this presumption is inapplicable here for two reasons. First the presumption discussed in the three cases Plaintiff cited relies on the law of those three states; Plaintiff has not cited any Tennessee case law standing for such a proposition. Second, this proposition does not seems to square with the thrust of Tennessee law discussed immediately below, and thus the Court does not believe, and

will not presume, that the Tennessee Supreme Court would recognize a rebuttable presumption that an employee is authorized to accept service based on that employee's signature *alone*.[9]

Unable to rely upon a rebuttable presumption that G. Hunt was authorized by Defendant to receive service, Plaintiff must establish such authority in some other way. It has failed to do so. It has not shown that G. Hunt is an agent (as an employee or otherwise) of Defendant. Plaintiff argues that G. Hunt is Defendant's agent based on a theory of implied authority. But the Court finds such argument to be without merit. Under Tennessee law:

> Implied authority is established by the actions or acquiescence of the principal, not the actions of the agent. In relation to service of process, there must be evidence that the principal *specifically intended* to confer authority on the agent to receive and accept service of process on its behalf. Authority to accept service of process cannot be established by acting as an agent of the principal for some other purpose or by the mere fact of actual acceptance of service of process by the alleged agent.

---

[9] The Tennessee General Assembly has the power to make laws and did not choose to include such a presumption in the applicable statute. Conversely, the statute arguably militates *against* a rebuttable presumption because it expressly provides for an alternative means to effect service if service by mail is unsuccessful.

In *Hall v. Haynes*, 319 S.W.3d 564 (Tenn. 2010), the Tennessee Supreme Court held that the plaintiff had not established that the person served with a summons via certified mail (allegedly a subagent of the registered agent for purposes of accepting service) was not authorized to accept service of process, then further noted:

> [O]ur holding does not preclude a plaintiff from serving process on a corporation by mail. A plaintiff may restrict delivery to any of the individuals designated in Rule 4.04(4). Furthermore, in the event that service by mail is unsuccessful, Rule 4.03(2) expressly allows the plaintiff to try service by mail again or use another method of service of process authorized by our Rules. Moreover, . . . Rule 4.04(10) gives plaintiff an alternative means to effect service but does not permit plaintiff to serve persons other than those expressly listed in 4.04(4). To hold otherwise . . . would run counter to Rule 4.03(2), which requires a return receipt "signed by the defendant, or by a person designated by Rule 4.04 or by statute" to complete service by certified mail.

*Id.* at 584.

> . . . The plaintiff has the burden of proving that the person he or she elected to serve is the defendant's authorized agent for service of process.

*Meersman v. Regions Morgan Keegan Trust*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660 at *4-5 (Tenn. Ct. App. Oct. 9, 2018) (citations omitted).[10]

Here, Plaintiff has established no implied agency, inasmuch as it has failed to show that Defendant took some action implying that G. Hunt is in fact its agent. G. Hunt's signature, and checking of the "Agent" box, is insufficient to establish implied authority, because there is no evidence that Woodworkers specifically intended for him to be its agent; for all the Court can tell from the record, G. Hunt could be absolutely anyone and may have unilaterally presumed to sign for the certified mail (and check the "Agent" box for whatever reason). *See id.* at *4 (concluding that the mere fact of actual acceptance of service of process by the alleged agent, alone, does not prove authority to accept service). And finally, even if G. Hunt had been shown to be Defendant's agent in some sense of for some purpose(s)—even for the purpose of signing for certified mail generally—that does not necessarily mean that he would be authorized to accept service of process on the corporation's behalf. The Tennessee Supreme Court has held that "a corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant." *Hall v. Haynes*, 319 S.W.3d 564, 584 (Tenn. 2010).

Plaintiff further claims that it served Defendant's registered agent with an alias summons, by serving Elaine Lund personally (in person) and by certified mail (as evidenced by a return

---

[10] In asserting that Defendant was properly served with the summons (and alias summons) by certified mail, Plaintiff relies on Tennessee law rather than Wyoming law. Plaintiff does cite three intermediate appellate court decisions from states other than Tennessee or Wyoming. But the Court concludes that these cases are not consistent with Tennessee law as articulated in *Hall* and *Meersman*, and Plaintiff has done nothing to convince the Court that Wyoming law would mirror the three cited cases rather than *Hall* and *Meersman.*

receipt bearing her signature). But Elaine Lund is not Defendant's agent simply because she is the secretary of Defendant's counsel or Defendant's registered agent.[11] Plaintiff argues that as Nicholas's secretary, Ms. Lund is impliedly Woodworkers' subagent. (Doc. No. 36 at 11). This argument fails for two reasons. First, the record suggests that Ms. Lund is Nicholas's secretary at his law firm, (Doc. No. 36 at 2, fn. 1), and being the secretary to someone at a law firm who is counsel to (or registered agent for) a company does not make the secretary the agent of the company for any purpose, let alone agent for purposes of service of process. Further, Plaintiff has not cited to any case law standing for the proposition that the fact that a person is a secretary for an individual who is a counsel of a corporation expressly or impliedly makes the secretary an agent or subagent of the corporation.[12] Second, nothing in the record otherwise suggests that Elaine Lund is Defendant's agent. Even Plaintiff admits, and the Court agrees, that "there is no direct evidence regarding Ms. Lund's scope of authority." (Doc. No. 36 at 13).

Third, citing an old Wyoming case, Plaintiff relies on the (dubious) principle that the receptionist in an office is "an employee then in charge of such place of business." (*Id*. at 6) (quoting *Oxley v. Mine & Smelter Supply Co.*, 439 P.2d 661, 664–65 (Wyo. 1968)). Setting aside

---

[11] Plaintiff also makes much of the fact that "no party is challenging or has challenged the sufficiency of [service of] process." (Doc. No. 36 at 4, 13). Though true, that fact does not cure Plaintiff's insufficient service maneuvers. It is particularly immaterial because Defendant has not even appeared in this action to make *any* challenge. Indeed, Plaintiff here puts the cart before the horse. The issue here is whether Defendant has been properly served; if not, it does not have to do anything whatsoever to challenge *anything* Plaintiff says in this lawsuit. So the fact that Defendant has not challenged service of process is no indication whatsoever that Defendant concedes sufficiency of service of process or that service of process was actually legally sufficient.

[12] Plaintiff cites *Rubio v. Precision Aerodynamics Inc.*, 232 S.W.3d 738 (Tenn. Ct. App. 2006), where the court concluded that "the Tennessee General Assembly did not intend to prohibit or otherwise restrict a registered agent from authorizing others to assist in the performance of the duties of the registered agent." *Id.* at 742. Though true, this principle is inapplicable here because there is no evidence that Philip A. Nicholas expressly or impliedly appointed Ms. Lund as his subagent or authorized Ms. Lund to accept service on his behalf.

why it is prudent to assume that a receptionist is "in charge" of the business at which they sit, Plaintiff cites no evidence that Elaine Lund was a *receptionist*, as opposed to a secretary who may sit away from the location that the Wyoming Supreme Court apparently though, 53 years ago, placed the receptionist in charge of the business. But even if Elaine Lund was "in charge" at Mr. Nicholas's law firm, *Oxley* still would be inapplicable. That case dealt with then-Rule 4(d)(1) of the Wyoming Rules of Civil Procedure, which provided that service (which in that case was upon a corporate rather than individual defendant) could be made "by leaving [the summons] at the defendant's usual place of business with any employee then in charge of such place of business."[13] *See id.* Even if Ms. Lund had been established to be "in charge" at *Mr. Nicholas's law firm* (and she was not, as far as the record shows), that would not make her "in charge" at Defendant's office, which is one step removed from Mr. Nicholas's law firm. This sort of presumed but erroneous equation—serving Ms. Lund equals serving Mr. Nicholas as registered agent, or leaving the summons at the person in charge of the registered agent's law office equals leaving the summons at the defendant's office—risks an excessive attenuation in likelihood of actual notice to the defendant. The very specific service-of-process rules are designed to minimize that risk while providing plaintiffs with reasonable and alternative ways to effect service via compliance with the rules as written.

In a last-ditch effort to show that Ms. Lund is Mr. Nicholas's agent, Plaintiff references a U.S. Postal Service regulation regarding restricted delivery.[14] Specifically, Domestic Mail Manual

---

[13] The current provision of the Wyoming Rules dealing with serving a corporation similarly provides that a corporation can be served "by leaving [the summons] at the usual place of business of such defendant with any employee then in charge thereof." Wyo. R. Civ. P. 4.

[14] As noted above, the alias summons was sent to the North 5th Street address by certified mail restricted delivery, the return receipt for which was signed by Elaine Lund on July 6, 2020. (Doc. No. 20 at 2-4).

§ 508.1.1.8 requires postal employees to deliver mail marked "Restricted Delivery" only to the addressee or the addressee's agent. Domestic Mail Manual § 508.1.1.8. Defendant asserts that based upon this regulation, "the U.S. Postal Service worker would not deliver the complaint and summons to Ms. Lund *unless she was expressly authorized in writing* as Mr. Nicholas' agent. (Doc. No. 36 at 12) (emphasis in original). Even if the Court were to accept this speculation (which is exactly what this is), it would be irrelevant because, as noted above, the issue is whether Ms. Lund was authorized to *accept service of process* (on behalf of Defendant), not whether she was authorized to accept certified mail (on behalf of Defendant's registered agent)—and an affirmative answer to the latter question does not entail an affirmative answer to the former question.[15] *Hall*, 319 S.W.3d at 584.

And the Court actually declines to accept this speculation; while acknowledging this regulation, the Court refuses to blindly assume that it necessarily was followed in this case, as it is not a safe assumption that every postal worker follows each regulation in the Domestic Mail Manual to the tee or that every postal (or other public) employee tasked by official regulation with handling mail in a particular way with respect to restricted delivery actually complies with the regulation. Rather than assume such a proposition, the Court attempts to see whether the record bears it out. *Cf. Estep v. Combs*, 366 F. Supp. 3d 863, 877 (E.D. Ky. 2018) ("the Court is unable to tell, from this record, whether the clerk alone made the decision to mail in a manner not consistent with [Kentucky Rule of Civil Procedure 3.01], *i.e.*, without the restricted delivery requirement."). And so the Court does what the Court did in *Doshier v. Facebook, Inc.*, 4:18-cv-00628-KGB, 2019 WL 4784898 (E.D. Ark. Sept. 19, 2019): look to see whether there is "proof in

---

[15] *Hall* of course expresses only Tennessee law, but Plaintiff has not relied on Wyoming law on this topic or explained why it is different from Tennessee law.

the record" to substantiate that the Postal Service "has a written authorization of any kind on file authorizing [the person who signed for restricted-delivery certified mail]. . . to accept Restricted Delivery U.S. Mail on behalf of" the addressee of the certified mail. *Id.* at *8. Here, as in *Doshier*, there is no such proof.[16]

Finally, Plaintiff erroneously invokes Rule 4(e) of the Wyoming Rules of Civil Procedure, which expressly applies only to an *individual defendant*—in clear contrast to a *corporate defendant*, which is what we are dealing with here. As best the Court can tell, what Plaintiff is attempting to do here is to apply the rules for serving an individual defendant to serving a *corporate defendant* who can be served through *one particular individual* (*i.e.*, the registered agent); in other words, when serving the corporate defendant via serving its (individual) registered agent, the registered agent in turn can be served via any of the permissible ways that an individual can be served. However, Plaintiff provides no authority for this approach, *i.e.*, allowing a corporate defendant's registered agent to be served in any of the ways that an individual defendant can be served. And this approach appears inconsistent with Wyoming Rule 4(h)(2), which indicates the specific way (i.e., by "delivery of copies") in which service must be made upon a corporation through its "agent for process," without indicating that service upon a corporate agent for process (such as a registered agent) may be made in any of the four ways in which an individual defendant may be served pursuant to Rule 4(e).

Plaintiff has not properly served Defendant in compliance with Rule 4 despite having received ample time to do so, notice that failure may result in dismissal, and an opportunity to

---

[16] *Doshier* suggests the kind of proof of authorization that could or would exist if in fact there was authorization for someone to sign as the addressee's agent. "'Restricted Delivery' mail may be delivered to 'an agent [authorized] on Form 3801 or by letter to the Postmaster . . .' or 'Form 3849 . . . may be used for the authorization . . . .'" 2019 WL 4784898, *6 (quoting Domestic Mail Manual § 508.1.1.8(f)). Here, Plaintiff has presented no such form or letter.

show good cause to excuse its failure. Therefore, dismissal without prejudice under Rule 4(m) is appropriate. Accordingly, this action is **DISMISSED** without prejudice, and the Clerk is directed to close the file.

      IT IS SO ORDERED.

                                                                                *Eli Richardson*
                                                                       ELI RICHARDSON
                                                                       UNITED STATES DISTRICT JUDGE